**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOYA ATAMIRZAYEVA, Plaintiff, | ) | |
| v. | ) | No. 05-1245 L |
| UNITED STATES OF AMERICA, Defendant. | ) | Honorable Edward J. Damich |

**ANSWER**

Pursuant to Rule 7(a) and Rule 8 of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiff's Complaint as follows:

1. The United States lacks sufficient information to admit or deny the allegations contained in the first and second sentences of this paragraph and, therefore, denies the allegations. With respect to the allegations contained in the third sentence of this paragraph, the United States admits only that in December 1999 Uzbek authorities removed a structure known as the Feruza Café. The United States lacks sufficient information to admit or deny the remaining allegations contained in the third sentence of this paragraph and, therefore, denies those allegations. The United States denies the allegations contained in the fourth sentence of this paragraph. With respect to the allegations contained in the fifth sentence of this paragraph, the United States lacks sufficient information to admit or deny that Plaintiff "has never been compensated" for property she allegedly owned and, therefore, denies the allegation. The United

States denies that is has taken Plaintiff's property in violation of the Fifth Amendment to the United States Constitution.

2. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent that an answer is required, the United States avers that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on the United States Court of Federal Claims.

3. The United States admits that the City of Tashkent is the capital of the Republic of Uzbekistan. The United States lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the allegations.

4. The United States admits only that it is the named Defendant in this action. The United States denies that it is comprised only of the executive branch of the government. Any remaining allegations in this paragraph constitute conclusions of law to which no response is required.

5. The United States lacks sufficient information to admit or deny the allegations contained in the first sentence of this paragraph and, therefore, denies the allegations. With respect to the allegations contained in the second sentence of this paragraph, the United States denies that the "main building" of Feruza Café was 2,000 square feet in size. The United States avers that, based upon architectural plans provided by the City of Tashkent, the "main building" of Feruza Café was approximately 1,767 square feet. The United States further avers that the property on which the Feruza Café was located is a public park. The United States lacks sufficient information to admit or deny the remaining allegations contained in the second sentence of this paragraph and, therefore, denies the allegations.

6. With respect to the allegations contained in the first sentence of this paragraph, the United States denies that the property on which Feruza Café was located is adjacent to the property on which the United States Embassy in Tashkent, Uzbekistan was then located. With respect to the allegations contained in the second sentence of this paragraph, the United States admits that the property on which Feruza Café was located is owned by the Republic of Uzbekistan. The United States lacks sufficient information to admit or deny the remaining allegations contained in the second sentence of this paragraph and, therefore, denies the allegations.

7. The United States lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the allegations.

8. The United States admits the allegations contained in the first sentence of this paragraph. With respect to the allegations contained in the second sentence of this paragraph, the United States admits only that beginning in 1999 limited funds were made available to buy or lease property adjacent to existing United States Department of State facilities around the world based, in part, upon a desire to improve security. The United States avers that the United States Embassy facility in Tashkent, which is at issue here, was acquired in 1992 and at no time following the initial acquisition of the facility was adjacent property acquired for any reason.

9. With respect to the allegations contained in the first sentence of this paragraph, the United States admits only that terrorist groups with interests contrary to those of the United States have been known to operate in Uzbekistan. The United States denies any remaining allegations contained in the first sentence of this paragraph. With respect to the allegations contained in the unidentified block quote, the United States believes that the language quoted is

from the current Travel Warning for Uzbekistan issued by the United States Department of State on July 1, 2005. The United States admits that the quoted language appears to be a correct recitation of portions of the current Travel Warning, and avers that the Travel Warning in its entirety speaks for itself and is the best evidence of its content. The United States further avers that the Travel Warning, from which the quoted language is taken, was not issued until several years after Feruza Café was removed by Uzbek authorities. The United States denies any remaining allegations contained in the second sentence of this paragraph.

10. With respect to the allegations contained in the first sentence of this paragraph, the United States admits only that on September 14, 1999, the United States Department of State issued a Consular Information Sheet regarding the Republic of Uzbekistan. With respect to the allegations contained in the second sentence of this paragraph, the United States admits only that the Consular Information Sheet issued by the United States Department of State on September 14, 1999, identified concerns regarding the threat of terrorist violence in the Republic of Uzbekistan. The United States denies any allegations in this paragraph not already addressed.

11. The United States denies the allegations contained in this paragraph.

12. With respect to the allegations contained in this paragraph, the United States admits only that beginning in 1999 limited funds were made available to buy or lease property adjacent to existing United States Department of State facilities around the world and that some embassy facilities around the world did acquire adjacent property based, in part, upon a desire to improve security. The United States lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the allegations.

13. The United States admits the allegations contained in the first and second

sentences of this paragraph. With respect to the remaining allegations in this paragraph, the United States avers that the Secure Embassy Construction and Counterterrorism Act is the best evidence of its content.

14. The United States admits that in April 2000, during a stop at the United States Embassy in Tashkent, Uzbekistan, then Secretary of State Madeleine Albright delivered a speech. The United States admits that the quoted language in the Complaint appears to be a correct recitation of portions of the printed text of Secretary of State Madeleine Albright's speech during her stop at the United States Embassy in Tashkent, Uzbekistan. The United States lacks sufficient information to admit or deny that the speech as actually delivered contained these statements. The United States denies any implication that this speech was focused upon the security of the United States Embassy in Tashkent, Uzbekistan.

15. The United States denies the allegations contained in this paragraph.

16. The United States lacks sufficient information to admit or deny the allegations contained in the first and second sentences of this paragraph and, therefore, denies the allegations. The United States denies the allegations contained in the third sentence of this paragraph. With respect to the allegations contained in the fourth sentence of this paragraph, the United States admits only that some members of the United States Embassy staff physically observed some of the activities related to the removal of the Feruza Café, only after being notified of the removal by officials of the City of Tashkent. The United States avers that no representative of the United States "oversaw the demolition of Feruza" or acted in any way to participate, either directly or collaboratively, with the work conducted by officials of the City of Tashkent.

17. The United States denies the allegations contained in this paragraph.

18. With respect to the allegations contained in this paragraph, the United States admits only that in 1999 and 2000 the Republic of Uzbekistan faced various security threats as evidenced by terrorist bombings in Tashkent in those years. The United States denies the remaining allegations contained in this paragraph.

19. The United States denies the allegations contained in this paragraph.

20. With respect to the allegations contained in the first sentence of this paragraph, the United States admits only that the quoted language appears to be a correct recitation of portions of an article in the New York Times, and avers that the article in its entirety speaks for itself and is the best evidence of its content. The United States denies the second sentence of this paragraph as vague and incapable of being answered.

21. The United States lacks sufficient information to admit or deny what a third party, the Uzbek government, perceived it "faced" or was "striving to" do and, therefore, denies the allegations contained in this paragraph as incapable of being answered.

22. With respect to the allegations contained in this paragraph, the United States admits only that it has provided economic assistance to the Republic of Uzbekistan both before and after the removal of the Feruza Café by Uzbek authorities in 1999. The United States denies any remaining allegations contained in this paragraph not already addressed.

23. The United States lacks sufficient information to admit or deny the allegations contained in the first sentence of this paragraph and, therefore, denies the allegations. With respect to the allegations contained in the second sentence of this paragraph, the United States admits only that Plaintiff's son, Sobir Atamirzayev, has requested money from the United States

Embassy staff for the removal of the Feruza Café by Uzbek authorities. The United States avers that it denied the requests from Plaintiff's son because the United States did not request or demand that the Uzbek authorities remove the Feruza Café, and the United States did not play a role in the removal of the Feruza Café by Uzbek authorities. The United States lacks sufficient information to admit or deny the remaining allegations contained in the second sentence of this paragraph and, therefore, denies the allegations. With respect to the allegations contained in the third sentence of this paragraph, the United States admits only that staff of the United States Embassy in Tashkent, Uzbekistan, met with Plaintiff's son, Sobir Atamirzayev, on several occasions and that each time the Embassy staff informed Plaintiff's son that it could not pay Plaintiff for the removal of the Feruza Café by Uzbek authorities because the United States did not request or demand that the Uzbek authorities remove the Feruza Café, and the United States did not play a role in the removal of the Feruza Café by Uzbek authorities. The allegations contained in the fourth sentence of this paragraph are incapable of being answered because it is for the Court, not the parties, to determine what is implied by the facts. The United States, therefore, denies the allegations contained in this sentence.

24. The United States admits the allegations contained in the first and second sentences of this paragraph. The United States lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the allegations.

25. With respect to the allegations contained in the first sentence of this paragraph, the United States denies that "the U.S. Embassy in Tashkent caused the destruction of [Plaintiff's] property." The United States lacks sufficient information to admit or deny any additional allegations contained in the first sentence of this paragraph and, therefore, denies the

allegations. With respect to the allegations contained in the second sentence of this paragraph, the United States lacks sufficient information to admit or deny what "Mrs. Atamirzayeva understands" and, therefore, denies the allegations. The United States denies that it requested or demanded that the Uzbek government remove the Feruza Café as a result of the need to protect the United States Embassy in Tashkent from terrorist attacks or for any other reason. The United States lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the allegations.

26. In response to the allegations contained in this paragraph, the United States repeats and incorporates its responses to paragraphs one through twenty-five above.

27. The United States admits the allegations contained in this paragraph.

28. The United States denies the allegations contained in this paragraph.

29. The United States denies the allegations contained in this paragraph.

30. The United States denies the allegations contained in this paragraph.

31. The allegations in this paragraph of the Complaint constitute Plaintiff's "Prayer for Relief," which is a characterization of Plaintiffs' claim, and to which no response is required. To the extent that a response is required, the United States denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

## GENERAL DENIAL

All allegations of the Complaint which have not been specifically admitted, denied or otherwise answered, are hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over some or all of the claims in Plaintiff's Complaint.

WHEREFORE, the United States denies that Plaintiff is entitled to the relief prayed for, or to any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the United States, and that the Court award to the United States all costs and such other and further relief as the Court may allow.

Respectfully submitted,

February 17, 2006

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

/s/ James D. Gette

JAMES D. GETTE
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, DC 20044-0663
(202) 305-1461
(202) 305-0506 (Fax)

Of Counsel:
Emily E. Daughtry, Attorney-Adviser
Office of the Legal Advisor
United States Department of State
2430 E Street, NW
Suite 203, South Building
Washington, DC 20037-2800
(202) 776-8436
(202) 776-8389 (Fax)