# <u>Appendix of Exhibits</u>

Excerpt of Plaintiff's Reply Brief, *Turney v. United States*, May 27, 1953 ........................Exhibit 1

# EXHIBIT 1

FILED
MAY 27 1953
COURT OF CLAIMS

IN THE

UNITED STATES COURT OF CLAIMS

---

No. 48724

---

EDWARD B. TURNEY, TRUSTEE

v.

THE UNITED STATES

---

PLAINTIFF'S REPLY BRIEF

(Filed May 27, 1953)

---

ARNOLD, FORTAS & PORTER
1229 19th Street, N.W.
Washington 6, D. C.

By THURMAN ARNOLD

DAVIDSON & NIKOLORIC
Equitable Building
Portland, Oregon

By L. A. NIKOLORIC

Of Counsel:

REED MILLER

May 27, 1953

REPRODUCED AT THE NATIONAL ARCHIVES

# INDEX


| | Page |
|---|---|
| Preliminary Statement | 295 |
| Part I - Reply to Defendant's Exceptions and Brief | 296 |
| A. Reply to Defendant's Statement of Facts | 296 |
| B. Reply to Defendant's Argument | 297 |
| 1. The Philippine Government's Participation in the Sale and Recovery of the Radar | 297 |
| 2. The Sale of Classified Military Radar as Surplus | 300 |
| 3. Damages | 307 |
| (a) The Applicability of the Fifth Amendment | 307 |
| (b) Damages Predicated upon Breach of Contract | 317 |
| (c) Proof of Damages | 320 |
| C. Plaintiff's Reply to Defendant's Comments on Plaintiff's Exceptions | 325 |
| D. Reply to Defendant's Exceptions | 333 |
| Part II - Reply to Intervening Plaintiffs' Exceptions and Brief | 335 |
| A. Reply to Intervenors' Statement of Facts | 335 |
| 1. Negotiations for Sale of the Radar to the Chinese Nationalist Government | 335 |
| 2. The Placing of the Guards at the Base | 337 |
| 3. The Sale to Intervenors | 339 |
| B. Reply to Intervenors' Argument | 340 |
| 1. The "Taking" of the Radar | 340 |
| 2. Intervenors' Right to Recovery | 348 |
| 3. The Contracts of Sale to the Khoongs | 348 |
| Conclusion | 354 |


REPRODUCED AT THE NATIONAL ARCHIVES

compensation. It is offensive to the rudiments of conscience and fair play for one person, or, indeed, one nation, to deprive another of his property with impunity. To reason otherwise is to suppose an anarchy in which the Government of any nation could run roughshod over the property rights of the citizens of another without ever being called to account. True, it has been tried, but war has often been the result. The Government of the United States has never adhered to such totalitarian principles. As Mr. Justice Black said in dissenting in Johnson v. Eisentrager, 339 U.S. 763, 70 S.Ct. 936 (1950):[5/]

> " . . . our people 'choose to maintain their greatness by justice rather than violence'. Our constitutional principles are such that their mandate of equal justice under law should be applied as well when we occupy lands across the sea as when our flag flew only over thirteen colonies. Our nation proclaims a belief in the dignity of human beings as such, no matter what their nationality or where they happen to live."

Moreover, the cases cited by defendant in its brief at R. 268-269 do not support defendant's contention.

---

5/ The majority opinion in the Eisentrager case may be distinguished from the instant case. There the question was whether the Constitution conferred a right of personal security or an immunity from military trial and punishment upon an alien enemy engaged in the hostile service of a government at war with the United States. The Court held that it did not. To have held otherwise would have conferred greater rights on enemy aliens than enjoyed by American soldiers in time of war.

REPRODUCED AT THE NATIONAL ARCHIVES